# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 27, 2010 Session

## STATE OF TENNESSEE v. MITCHELL EADS

**Appeal from the Criminal Court for Claiborne County**
**No. 12019    E. Shayne Sexton, Judge**

---

**No. E2009-01574-CCA-R3-CD - Filed October 5, 2010**

---

The Defendant, Mitchell Darnell Eads, was sentenced as a persistent offender to fourteen years' confinement for possession of contraband in a penal facility, a Class C felony, and to six years' confinement for felony escape, a Class E felony, to be served concurrently to each other and consecutively to the Defendant's sentences for six prior convictions. On appeal, the Defendant contends that the trial court erred by ordering his sentences to be served consecutively to his prior sentences. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J.C. MCLIN , JJ., joined.

Wesley D. Stone, Knoxville, Tennessee, for the appellant, Mitchell Eads.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William Paul Phillips, District Attorney General; and Jared Ralph Effler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This is an appeal of a resentencing. On direct appeal, this court affirmed the Defendant's convictions but remanded for resentencing, stating:

> Upon remand, the trial court shall determine which sentence or sentences the defendant was serving at the time of his escape and order the escape sentence to be served consecutively to those sentences. The trial court shall also clearly place on the

> record its rationale for ordering the other sentences to be served
> either concurrently or consecutively.

State v. Mitchell Eads, No. E2006-02793-CCA-R3-CD, Claiborne County, slip op. at 13 (Tenn. Crim. App. July 21, 2008), app. denied (Tenn. Dec. 8, 2008).

At the resentencing hearing, LeAnne Korth testified that she worked for the State Board of Probation and Parole and that she supervised the Defendant in 2001 while he was on parole. She said the Defendant violated his parole by committing burglaries and thefts in September 2001. She said that his parole was revoked and that he was ordered to serve his sentence. She said that on February 25, 2002, the day the Defendant escaped, he was being held in the Claiborne County jail for the parole violation and for the subsequent charges resulting from the burglaries and thefts.

The Defendant testified that he was arrested on September 18, 2001, while on parole and that his parole was revoked as a result of the arrest. He agreed that the burglary and theft offenses of that arrest comprised case number 11,969. He said that he was incarcerated in the Claiborne County jail on February 25, 2002.

On cross-examination, the Defendant agreed that he had been indicted for the offenses comprising case number 11,969 before escaping on February 25, 2002. He agreed that he was being held in the Claiborne County jail and awaiting trial on those offenses when he escaped.

The trial court's sentencing order, in part, stated:

> (1) The [six-year] sentence imposed in Count 3 [for felony escape] shall be served consecutive to the sentences in cases 11022, 11023, 11067, 11969, 12015 and 12016 pursuant to TCA § 39-16-605(c). The defendant was incarcerated on all of the above charges or sentences at the time of this offense.
>
> (2) The [fourteen-year] sentence imposed in Count 1 [for possession of contraband in a penal facilty] shall be served consecutive to the sentences in cases 11022, 11023, 11067, 11969, 12015 and 12016, pursuant to TCA § 40-35-115(b)(2). The record supports the finding that the defendant is an offender whose record of criminal activity is extensive.

(3)    The sentenced imposed in Count 1 shall be served concurrently to the sentence imposed in Count 3. This modification of the original sentence reflects the reconsideration by this Court of the facts, circumstances and arguments previously submitted. The record establishes that these offenses were committed simultaneously and therefore concurrent sentencing is appropriate.

The Defendant contends that the trial court erred by ordering his sentences for felony escape and possession of contraband in a penal facility to be served consecutively to his sentences arising from case number 11,969. The State contends that the sentences were properly imposed pursuant to Tennessee Code Annotated sections 39-16-605(c) and 40-35-115(b)(2) (2003). We agree with the State.

We note that the Defendant's offenses occurred in 2002. The record does not contain any evidence that the Defendant signed a waiver to be sentenced under the amended sentencing statute. Therefore, our review is based upon the pre-2005 version of the Sentencing Reform Act.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d) (2003). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Also, in conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

Consecutive sentencing is guided by Tennessee Code Annotated section 40-35-115(b), which states in pertinent part that the court may order sentences to run consecutively if it finds by a preponderance of the evidence that the defendant is an "offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(2). Additionally, when a defendant is charged with escape, "[a]ny sentence received . . . shall be ordered to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape." T.C.A. § 39-16-605(c); see also Tenn. R. Crim. P. 32 (stating that when a defendant has multiple sentences and "the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not").

This court held in the Defendant's previous appeal that the Defendant's six-year felony escape sentence was required by statute to be served consecutively to the sentences the Defendant was serving at the time he escaped. See Mitchell Eads, slip op. at 13. This court also instructed the trial court to place on the record its rationale for ordering the other sentences to be served either concurrently or consecutively. Id. The Defendant argues that the trial court failed to follow this mandate. We disagree. The trial court ordered the Defendant's felony escape sentence to be served consecutively to all sentences being served at the time of his escape. The trial court also ordered the felony escape conviction to be served consecutively to the sentences resulting from the charges for which the Defendant was being held at the time of his escape and explained that it did so pursuant to Tennessee Code Annotated section 39-16-605(c). The trial court's order complied with this court's instructions.

The Defendant has not shown that the sentences imposed by the trial court were improper. The record shows that the Defendant was arrested for committing burglaries and thefts on September 18, 2001, and that the offenses of that arrest comprised case number 11,969. The Defendant was indicted and being held for those offenses, as well as for his resulting parole violation, at the time of his escape. Because the Defendant was charged with the offenses comprising case number 11,969 at the time of his escape, the sentence for felony

escape was properly ordered to be served consecutively to his sentences in case number 11,969.  See T.C.A. § 39-16-605(c).

The trial court ordered the Defendant's fourteen-year sentence for possession of contraband in a penal facility to be served consecutively to his sentences in case number 11,969 due to the Defendant's extensive record of criminal activity.  See T.C.A. § 40-35-115(b)(2).  The record shows that the Defendant has multiple felony convictions, including thefts, burglaries, vandalism, and felony escape.  The record amply supports the trial court's finding that the criterion provided in Tennessee Code Annotated section 40-35-115(b)(2) was applicable in the Defendant's case and that consecutive sentencing was proper.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE